# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**TYRA J. BETHEA,**

    **Plaintiff,**

    v.

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

Civil Action 2:17-cv-761
Judge Michael H. Watson
Magistrate Judge Chelsey Vascura

## REPORT AND RECOMMENDATION

This matter is before the undersigned for a Report and Recommendation on Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act (ECF No. 17), the Commissioner's Response (ECF No. 18), and Plaintiff's Reply (ECF No. 19). For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion be **GRANTED IN PART** and that the Court **AWARD** Plaintiff attorney's fees in the amount of **$4,587.50**.

## I.

Plaintiff filed this action on August 29, 2017, seeking review of an adverse decision of the Commissioner of Social Security ("Commissioner"). (ECF No. 1.) On February 6, 2018, the Court granted the parties' Joint Motion to Remand Plaintiff's case for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (ECF No. 15.) On May 7, 2018, Plaintiff filed the instant Motion, seeking an award of attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). (ECF No. 17.)

In her Motion, Plaintiff seeks an award of attorney's fees totaling $5,505 for 36.7 hours

expended, billed at $150 per hour.[1]  Plaintiff asserts that the hours expended are reasonable and in line with the number of hours expended for typical social security cases, citing *Hayes v. Secretary of Health and Human Services*, 923 F.2d 418 (6th Cir. 1990).  She also points out that her counsel was first engaged after the administrative proceedings had concluded, requiring her counsel to expend additional time to familiarize himself with the 952-page record.  Finally, Plaintiff submits that it was the quality of the Statement of Errors her counsel drafted that convinced the Social Security Agency to remand this case.

In her Memorandum in Opposition, the Commissioner represents that she does not oppose awarding reasonable fees under the EAJA in this action.  The Commissioner also does not challenge Plaintiff's counsel's requested hourly rate.  Instead, the Commissioner posits that Plaintiff has not satisfied her burden to show that the 36.7 hours expended were reasonable.  The Commissioner relies upon *Glass v. Secretary of Health and Human Services*, 822 F.2d. 19 (6th Cir. 1987) to argue that the typical number of hours expended in social security appeals ranges from 20-30 hours, with 40 hours being on the high end.  The Commissioner concludes that the hours expended in this case should fall within the low end of the typical range because Plaintiff's counsel is experienced and was not required to review a response brief or prepare a reply brief because the parties agreed to remand.  The Commissioner also cites cases in which courts have found hours in excess of 30 to draft statements of error to be unreasonable and a social security case that involved a 1042-page record and was remanded following full briefing in which Plaintiff's counsel expended only 31.9 hours.  (*See* Comm'r Mem. in Opp. 4-5, ECF No. 18.)  The Commissioner asks the Court to reduce the compensable hours to 20-25 hours.

---

[1]Plaintiff initially indicated that her counsel expended 39.7 hours, but corrected this accounting error in her Reply.  (*See* ECF Nos. 17 and 19.)

**II.**

Under the EAJA, when the plaintiff is a prevailing party in an action against the government, a court must award attorney's fees and expenses, unless the government's position is substantially justified or special circumstances would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). "Once a court makes the threshold determination that a party is eligible for EAJA fees, it looks to the lodestar amount as a starting point for calculating a reasonable fee award," which "is the product of the number of hours billed and a reasonable hourly rate." *Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 881 (6th Cir. 2016) (internal quotation marks and citations omitted).

With respect to the reasonable hourly rate, the EAJA limits recovery of attorney's fees to $125 per hour unless the court concludes that the circumstances justify a higher rate:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). In analyzing the EAJA, the United States Court of Appeals for the Sixth Circuit has emphasized that the "statutory rate is a ceiling and not a floor." *Chipman v. Sec'y of Health & Hum. Servs.*, 781 F.2d 545, 547 (6th Cir. 1986). Furthermore, "[i]n requesting an increase in the hourly-fee rate, plaintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). Accordingly, the Sixth Circuit has held that "Plaintiffs must 'produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

In determining the appropriate rate, the Court may allow for a cost-of-living adjustment to justify an award in excess of $125 per hour. *See Begley v. Sec'y of Health & Hum. Servs.*, 966 F.2d 196, 199 (6th Cir. 1992). The determination of whether a cost-of-living increase justifies a fee in excess of the $125 rate is left to the Court's discretion. *Id.* It is not sufficient, however, that a party submit only the Department of Labor's Consumer Price Index and argue that inflation justifies an increase in fees. *Bryant*, 578 F.3d at 450.

With respect to the whether the number of hours expended is reasonable, the United States Court of Appeals for the Sixth Circuit has advised that " [t]he relevant question . . . is not what is required in *most* social security cases, but what did *this* case require." *Glass*, 822 F.2d at 20. The *Glass* Court explained as follows:

> Fee shifting statutes are intended to encourage competent counsel to accept cases which perhaps otherwise they would not. By assuring the recovery of a reasonable fee, § 406(b)(1) helps to accomplish this result. When an attorney agrees to represent a social security claimant, he obligates himself to perform to the best of his ability. The case in question may be particularly difficult or inordinately easy; the issues may be complex or simple; and the attorney will be experienced or inexperienced, skilled or unskilled. Calculating a fee award that accounts for these factors will achieve the statutory goal of enabling social security claimants to obtain legal assistance by ensuring "reasonable" compensation for attorneys.

*Id.* at 21. The *Glass* Court added, "[h]ad Congress intended to authorize a specific average fee, applicable in every case, as a reasonable fee in social security cases, we have no doubt it would have said so." *Id.* "Hours may be cut for duplication, padding or frivolous claims," but a court rejecting a counsel's tabulation of hours expended "must identify the hours rejected and specify with particularity the reasons for their rejection." *Id.* (internal quotation marks and citations omitted); *see also Minor*, 826 F.3d at 883-84 ("Although the trial court's discretion in fee award cases sweeps broadly, it is not absolute. Among other things, the district court must provide a

4

clear and concise explanation of its reasons for the fee award." (internal quotation marks and citations omitted)).

**III.**

The undersigned considers the "reasonable hourly rate" and the "reasonable hours expended" components of the lodestar computation in turn.

**A.     Reasonable Hourly Rate**

As set forth above, Plaintiff requests an hourly attorney fee rate of $150 per hour. In support, Plaintiff states that "[t]he prevailing rate under EAJA is currently slightly more than $190.00 per hour; the rate alleged herein is $150.00 per hour." (Pl.'s Mot. 2, ECF No. 17.) Plaintiff's application, however, lacks any documentation reflecting the prevailing hourly rate for similar services by lawyers with comparable skill and experience. *See Bryant*, 578 F.3d at 450. Moreover, Plaintiff has failed to supply evidence establishing that the cost of living justifies a higher rate. *See id*.

Although this Court has approved attorney-fee rates much higher than the $150 per hour Plaintiff's counsel requests, it is not enough to simply point to other cases where the Court has approved rates in excess of the statutory cap because each application must be evaluated on its own merit. In the absence of the requisite evidence, the undersigned **RECOMMENDS** that the Court award fees at a rate of $125 per hour, as opposed to the $150 per hour Plaintiff seeks. *See Caviness v. Comm'r of Soc. Sec.*, 681 F. App'x 453, 456 (6th Cir. 2017) ("[T]he plaintiff bears the burden of demonstrating why a higher attorney fee is justified according to the facts of her case. We hold yet again that a plaintiff's submission of data alone is merely necessary, not sufficient, to meet her burden for higher attorney fee rate under the EAJA. If the plaintiff fails to

5

provide such evidence that a higher hourly rate is justified in her case, a district court must say so in rejecting an attorney fee rate above $125 per hour.").

**B.      Reasonable Hours Expended**

As set forth above, Plaintiff asserts that the 36.7 hours her counsel expended is reasonable given the 952-page record, the quality of the Statement of Errors, and her counsel's entry into the case after the administrative proceedings had concluded.  The Commissioner correctly points out that Plaintiff's counsel expended most of his time on this case reviewing the record and drafting the Statement of Errors.  In total, Plaintiff's counsel expended approximately 33 hours reviewing the record, conducting research, and drafting the Statement of Errors.  (*See* Pl.'s Itemization of Time, ECF No. 17-2.)

Having reviewed the record, including Plaintiff's Statement of Errors, the undersigned finds that the amount of time expended is reasonable for the work performed.  As Plaintiff points out, the record in this case is substantial, exceeding 900 pages.  Review of Plaintiff's 20-page Statement of Errors reveals that although only two contentions of error are raised, the first contention of error raises several sub-issues.  In addition to relying upon the transcript of the hearing before the Administrative Law Judge and exhibits contained within the medical record, Plaintiff's counsel relied upon case authority; numerous regulations; Social Security Rulings; the Hearing, Appeals, and Litigation Law Manual, I-2-6-74 (2016); the Dictionary of Occupational Titles; the Occupational Information Network; and Standard Occupational Classification codes. Moreover, Plaintiff's Statement of Errors is well drafted, largely tailored to Plaintiff's specific case, and does not consist of primarily "boilerplate" language.  In short, the undersigned finds that this case does not warrant a reduction in fees for "duplication, padding or frivolous claims," *Glass*, 822 F.2d at 21, and that instead, the fees expended are reasonable for the work performed.

It is therefore **RECOMMENDED** that in applying the lodestar calculation, the Court decline to reduce the hours expended.

**IV.**

For the reasons discussed above, it is **RECOMMENDED** that Plaintiff's Motion for an Award of Attorney's Fees (ECF No. 18) be **GRANTED IN PART** and that the Court **AWARD** Plaintiff attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, in the amount of **$4,587.50** (36.7 hours, multiplied by $125 per hour). It is further **RECOMMENDED** that the Court direct that if Plaintiff does not owe a debt to the United States, the Government should honor an assignment of Plaintiff's EAJA fees to her counsel.

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE